UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JASON LAMONTE NICKERSON, :
    Plaintiff, :
 :
v. : C.A. No. 15-114ML
 :
PROVIDENCE COUNTY, :
JUDGE JUDITH SAVAGE, :
PETER F. KILMARTIN, :
AMY KEMPE, :
SHANNON SIGNORE, and :
LAURA CRIMALDI, :
    Defendants. :

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO § 1915(e)**

Patricia A. Sullivan, United States Magistrate Judge

    On March 26, 2015, Plaintiff Jason Lamonte Nickerson filed a *pro se* civil rights complaint together with a motion for leave to proceed *in forma pauperis* ("IFP"); supporting documents were supplemented on April 7, 2015. ECF Nos. 1, 2, 5. Based on my review of the application and supporting documents, I conclude that Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(2); accordingly, his IFP motion will be granted if the case survives screening. However, because of the IFP application and Plaintiff's status as a prisoner, this case is subject to preliminary screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Based on my review of the operative pleading,[1] I find that it is frivolous and fails to state a claim upon which relief may be granted. Accordingly, I recommend that the case be summarily dismissed

---

[1] Because Plaintiff is *pro se*, I have employed a liberal construction of his filing. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, it fails to state a claim.

without prejudice. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1); see Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

I.  **BACKGROUND**

Plaintiff's complaint arises under 42 U.S.C. § 1983 based on his claims of false incarceration pursuant to a void state criminal judgment. Specifically, Mr. Nickerson alleges that Rhode Island Superior Court Justice Judith C. Savage entered a false conviction and void judgment in 2012,[2] despite his motion for judgment of acquittal and that Assistant Attorney General Shannon Signore maliciously prosecuted him regardless of her agreement that Plaintiff was not the perpetrator of the crime during the motion for judgment of acquittal proceedings. Mr. Nickerson also contends that the State slandered his name and seized his property (which he lists as his name, medical information and reputation), using it to maliciously defame him via a statement placed in the media despite pretrial motions. Plaintiff requests that, in the event that he is released, he be awarded $3,333.33 per day for every day of his incarceration and $5,000 per day (after taxes) for every holiday, birthday and day spent in segregation.

Mr. Nickerson also informs the Court that the "claims and facts are attached with CA 15-14 ML claims" and that he wants this § 1983 action to be attached to his § 2254 habeas corpus petition (C.A. No. 15-14ML). ECF No. 1 at 3. Mr. Nickerson is advised that the Court may only take into consideration his pleadings in the instant matter – C.A. No. 15-14ML; whatever information he submits in C.A. No. 15-14ML will not bleed into the case at bar.

---

[2] Plaintiff's Rhode Island Supreme Court case, State v. Nickerson, 94 A.3d 1116 (R.I. 2104), indicates that the jury returned a guilty verdict on April 11, 2012, that Justice Savage denied his motion for a new trial on June 4, 2012, and thereafter sentenced him. See id. at 1124.

2

## II. STANDARD OF REVIEW

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same used when ruling on a Rule 12(b)(6) motion to dismiss. Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Sections 1915 and 1915A also require dismissal if the Court finds that the case is frivolous or seeks damages from a defendant with immunity. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A viable complaint must also satisfy Fed. R. Civ. P. 8(a), which requires a plaintiff to include "a short and plain statement of the grounds for the court's jurisdiction . . . and of the claim showing that the pleader is entitled to relief," as well as Fed. R. Civ. P. 10(a)-(b), which requires a caption and claims set out in numbered paragraphs, each limited to a single set of circumstances.

## III. ANALYSIS

Plaintiff's complaint is frivolous and fails to state a claim for the following reasons.

Mr. Nickerson's allegations against Superior Court Justice Judith J. Savage, Rhode Island Attorney General Peter F. Kilmartin and Assistant Attorney General Shannon Signore are frivolous and barred by the doctrines of judicial and prosecutorial immunity. When performing their respective functions, judicial officers and prosecutors are protected by absolute immunity. Van de Kamp v. Goldstein, 555 U.S. 335, 340-43 (2009) (prosecutor enjoys absolute immunity as long as challenged conduct falls within function as advocate for a governmental entity); Forrester v. White, 484 U.S. 219, 225-28 (1988) (absolute judicial immunity originated in

medieval times to discourage collateral attacks on judicial decisionmaking and to insulate judges from vexatious actions by disgruntled litigants); see also Adames v. Fagundo, 198 F. App'x 20, 22 (1st Cir. 2006) (per curiam) (judicial immunity bars suits under § 1983 for money damages and injunctive relief).

Given Plaintiff's *pro se* status, I have liberally construed Plaintiff's naming "Providence County" as a defendant to mean Providence County Superior Court; thus, he purports to sue the State of Rhode Island. The Supreme Court has consistently held that the Eleventh Amendment provides immunity to an unconsenting State from suits brought in federal courts by her own citizens, as well as by citizens of another state. Edelman v. Jordan, 415 U.S. 651, 662–63 (1974); Acevedo-Concepcion v. Irizarry-Mendez, CIV. 09-2133 JAG, 2013 WL 3227880 (D.P.R. June 25, 2013); see Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought").

Finally, Attorney General Kilmartin, Amy Kempe and Laura Crimaldi should be dismissed from this action because there is nothing linking them to any allegations in the complaint. While these three defendants are listed in the caption and Kilmartin and Crimaldi are listed as "additional defendants" within the complaint form, ECF No. 1 at 3, they are not mentioned anywhere else in the complaint, nor has Plaintiff alleged any wrongdoing on their parts. See Twombly, 550 U.S. at 555, 559 (complaint must give defendant fair notice of what the claim is and the grounds upon which it rests and allege a plausible entitlement to relief).

## IV. CONCLUSION

Based on the foregoing, I recommend that this action be dismissed without prejudice and his Motion to Proceed *in Forma Pauperis* (ECF No. 2) be denied as moot.[3] See 28 U.S.C. §§ 1915(e)(2), 1915A. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72d. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 10, 2015

---

[3] If the Court determines that this case may proceed, I will grant his Motion to proceed IFP; an Order, which sets out the amount to be paid as an initial filing fee and monthly until the filing fee is paid in full, will be entered at that time.